

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Heather McClow<br>Lowe's Companies, Inc.<br>1000 Lowes Blvd<br>Mooresville, NC 28117-8520 |

| | |
|---|---|
| **Entity:** | Lowe's Home Centers, LLC<br>Entity ID Number 2515365 |
| **Entity Served:** | Lowe's Home Centers, LLC |
| **Title of Action:** | Jacqueline Younger vs. Lowe's Home Centers, LLC |
| **Matter Name/ID:** | Jacqueline Younger vs. Lowe's Home Centers, LLC (10668564) |
| **Document(s) Type:** | Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Knox County Circuit Court, TN |
| **Case/Reference No:** | 1-354-20 |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 11/16/2020 |
| **Answer or Appearance Due:** | Other/NA |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | James P. McNamara<br>629-221-6507 |

| | |
|---|---|
| **Notes:** | Complaint only. |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

IN THE CIRCUIT COURT OF KNOX COUNTY, TENNESSEE

| | |
|---|---|
| JACQUELINE YOUNGER, | ) |
| Plaintiff, | ) |
| | ) Docket No. ___1-354-20___ |
| v. | ) |
| LOWE'S HOME CENTERS, LLC | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Jacqueline Younger states as follows:

1.     Plaintiff Jacqueline Younger is a citizen and resident of Society Hill, South Carolina.

2.     Defendant Lowe's Home Centers, LLC is a limited liability company and may be served with process through its registered agent Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

3.     At all times relevant to the matters alleged herein, Defendant Lowe's Home Centers, LLC owned, operated, or both, Store #0486 located at 210 N. Peters Rd, Knoxville, Tennessee 37923 ("Premises").

4.     At all times relevant to the matters alleged herein, Defendant Lowe's Home Centers, LLC was responsible for maintaining the Premises.

5.     At all times relevant to the matters alleged herein, the individuals who maintained the Premises were employees, agents, or both, of Defendant Lowe's Home Centers, LLC.

6.     At all times relevant to the matters alleged herein, Defendant Lowe's Home Centers, LLC owed a duty to members of the public, including Plaintiff, to maintain the Premises in a safe

condition free of hazards, to inspect the Premises for hazards, and to make safe or adequately warn against known hazards occurring on the Premises.

7.    At all times relevant to the matters alleged herein, the Premises was in an unreasonably dangerous and defective condition.

8.    At all times relevant to the matters alleged herein, the unreasonably dangerous and defective condition at the Premises was caused by the negligent maintenance of Defendant Lowe's Home Centers, LLC acting through its employees, agents, or both.

9.    On or about November 13, 2019, Plaintiff Jacqueline Younger was walking on a common property on the Premises owned, operated and managed by Defendant Lowe's Home Centers, LLC, on the walkway in the delivery area to drop off a load to the Premises. At that same time and place, the pavement and parking lots had not been properly cleared of ice. The area was icy and caused the Plaintiff to slip and fall, causing her severe injuries.

10.    Defendant Lowe's Home Centers, LLC through its employees, agents, or both, negligently failed to maintain the Premises in a reasonably safe condition.

11.    Defendant Lowe's Home Centers, LLC through its employees, agents, or both, negligently allowed a dangerous and defective condition to exist at the Premises when Defendant Lowe's Home Centers, LLC knew or in the exercise of reasonable care should have known, that the ice created an unreasonable risk of harm to those at the Premises.

12.    Defendant Lowe's Home Centers, LLC through its employees, agents, or both, negligently created the dangerous and defective condition at the Premises that caused Plaintiff to be injured.

13.     Defendant Lowe's Home Centers, LLC, through its employees, agents, or both, negligently failed to remedy the dangerous and defective condition at the Premises that caused Plaintiff to be injured.

14.     Defendant Lowe's Home Centers, LLC, through its employees, agents, or both, negligently failed to warn Plaintiff Thomas Hebb of the dangerous and defective condition at the Premises.

15.     Defendant Lowe's Home Centers, LLC, through its employees, agents, or both, negligently failed to otherwise exercise reasonable care with respect to the matters alleged herein.

16.     Plaintiff has suffered injuries as a direct and proximate result of Defendant Lowe's Home Centers, LLC's negligence.

17.     Plaintiff has incurred medical bills and other expenses as a direct and proximate result of Defendant Lowe's Home Centers, LLC's negligence.

18.     Plaintiff has endured physical pain and mental suffering as a direct and proximate result of Defendant Lowe's Home Centers, LLC's negligence.

19.     Plaintiff has suffered loss of enjoyment of life as a direct and proximate result of Defendant Lowe's Home Centers, LLC's negligence.

20.     Plaintiff has suffered lost wages, loss of earning capacity, or other out of pocket expenses, or some combination thereof, as a direct and proximate result of Defendant Lowe's Home Centers, LLC's negligence.

21.     Plaintiff seeks to recover for all her damages allowed under Tennessee law.

3

WHEREFORE, Plaintiff prays for the following relief:

1.     A judgment for compensatory damages against Defendant Lowe's Home Centers, LLC in an amount to be determined by the trier of fact, but in excess of $25,000;

2.     An award of all discretionary costs and court costs; and

3.     Such other and further relief as shall be deemed reasonable, just, and necessary.

Respectfully submitted,

James P. McNamara, BPR# 018127
**Morgan & Morgan – Nashville, PLLC**
810 Broadway, Suite 105
Nashville, TN 37203
(629) 221-6507
jmcnamara@forthepeople.com
*Attorneys for Plaintiff*

**_DISCOVERY SERVED WITH COMPLAINT_**

# IN THE CIRCUIT COURT OF KNOX COUNTY, TENNESSEE

| | |
|---|---|
| JACQUELINE YOUNGER, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| LOWE'S HOME CENTERS, LLC | ) |
| | ) |
| **Defendant.** | ) |

2020 NOV -6 AM 9: 29

KNOX COUNTY CIRCUIT,
CIVIL SESSIONS
AND JUVENILE COURTS

Docket No. **1-354-20**

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO LOWE'S HOME CENTERS, LLC

---

Plaintiff, Jacqueline Younger, pursuant to Rules 26, 33 and 34 of the Tennessee Rules of Civil Procedure and through undersigned counsel, submits this First Set of Interrogatories and Requests for Production of Documents to Defendant LOWE'S HOME CENTERS, LLC. Responses to these Interrogatories and Requests for Production must be served upon Plaintiff's attorney of record, James P. McNamara, Morgan & Morgan, P.A., 810 Broadway, Suite 105, Nashville, Tennessee 37203, within forty-five days (45) of the receipt hereof, unless otherwise agreed between the parties, in writing.

## DEFINITIONS

For the purpose of these Interrogatories and Requests for Production, the following definitions shall apply:

1.      The word "person(s)" shall mean all individuals and entities, including sole proprietorships, associations, companies, partnerships, joint ventures, corporations, individuals, educational institutions, etc.

2.      References to "you" include all other individuals acting as your representative, employee, agent, or guardian.

1

3. References to "the incident" or "subject incident" refer to the incident that took place on or about November 13, 2019, at Store #0486 located at 210 N. Peters Rd, Knoxville, Tennessee 37923 (the "subject location") at issue in this litigation.

4. The word "document" is used in its broadest sense and includes, but is not limited to, any printed, typewritten, handwritten, graphic or recorded matter of any type and description, however denominated and however and by whomever prepared, recorded, produced, reproduced, disseminated or made, including but not limited to the following:

Any letter, telephone bill, calls, minutes, resolutions, telegrams, cables, teletypes, report, chart, affidavit, statement, accountants' statement, financial statement, bank records, book of account, ledger, work sheet, balance sheet, information sheet, data sheet, journal, list, book, manuscript, desk calendar, appointment book, diary, business records, personal records of employees, opinion, memorandum, summary or record ore tape recording or transcript of any conversation or meeting, notes, notebooks, paper, photograph, audio or video tape, recording, microfilm, microfiche, study, contract, written agreement, check, receipt, invoice, bill, computer printout, communication, summary of interview, report and/or summary of investigations, and/or any other writing of whatever description, including computer tapes, computer cards, disk, diskettes, any information contained in any computer although not yet printed and any draft, carbon, photographic copy, preliminary take or version of any such material the contents of which differs in any respect from the original.

5. Something "relating to" or which "relates to" any given subject means anything that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is any way pertinent to that subject.

6.     The word "identify", when used with respect to a person, means to state his/her name, address, telephone number, email address, place of employment, job title and duties, and if such person was affiliated at any time with any party to this litigation by employment or otherwise, to state the nature and dates of such affiliation, including job title. The word "identify", when used with respect to a document, means to specify the nature of the documents; to state the date, if any, appearing on the document, or if none, the date upon which such document was prepared; to describe in general the subject matter of the document; to identify each person who wrote, signed, dictated or otherwise participated in the preparation of the document; to identify each person, if any, who was an addressee thereof, who examined the documents; and if it now exists, to identify each person having custody of the document. As an alternative to identifying a given document, the Defendant may produce such document as an exhibit or attachment to the Answers to these Interrogatories.

## INSTRUCTIONS

1.     If an objection to producing requested information is asserted by claiming that it is privileged or subject to protection as trial preparation material, you are reminded of your obligation under Tenn. R. Civ. P. 26.02(5) to expressly make the claim and to describe the nature of the communications, documents or tangible things not produced or disclosed in a manner that enables other parties to assess the claim.

2.     Interrogatories which cannot be answered in full shall be answered as completely as possible and incomplete answers shall specify the reasons for the incompleteness, as well as stating whatever knowledge, information or belief you possess with regard to each unanswered or partially answered Interrogatory.

3.    As used herein, the singular shall be deemed to include the plural and vice versa; the masculine shall be deemed to include the feminine and vice versa; the disjunctive ("or") shall be deemed to include the conjunctive ("and") and vice versa; and each of the functional words "each", "every", "any" and "all" shall be deemed to include each of the other functional words.

If you assert a privilege with regard to any interrogatory or request for production of documents, please submit a privilege log to identify any documents alleged to be privileged, and a description of the document and privilege relied upon.

## FIRST INTERROGATORIES

1. Please identify each individual who supplied information, or was otherwise consulted with, in responding to these interrogatories and requests. Please include the complete name, date of birth, business address, telephone number, place of employment, and job title of each individual so identified.

   **ANSWER:**

2. Identify the owner of the subject location known as the Lowe's Home Improvement, located at Store #0486 located at 210 N. Peters Rd, Knoxville, Tennessee (hereinafter the "subject location") as of November 13, 2019.

   **ANSWER:**

3. Identify the party who was responsible for maintaining the walkways and common areas of the Lowe's Home Improvement located at Store #0486 located at 210 N. Peters Rd, Knoxville, Tennessee.

   **ANSWER:**

4. Identify any person or party other than Defendant(s) to this lawsuit whom you contend caused or contributed to the occurrence complained of, including any architect, engineer, designer, contractor, subcontractor or others. Include in your answer whether you blame Plaintiff for Plaintiff's own injuries.

   **ANSWER:**

5. Identify each employee, agent and/or servant or any other person with knowledge of the incident. For each such individual, identify his or her job title and job function being performed by that individual at the time of this slip and fall accident, and the summary of what knowledge the witness has.

   **ANSWER:**

6. Identify any individual you are aware of that has knowledge of the facts and circumstances of this case, including but not limited to eyewitnesses, people claiming to be eyewitnesses and any individuals who arrived at the scene of the subject location where Plaintiff's November 13, 2019, slip and fall occurred within one (1) hour after the accident.

   **ANSWER:**

7. If anyone investigated this matter for the Defendant(s) including, but not limited to, medical experts, private investigators or insurance adjusters, state their name(s) and address(es), and state whether such investigation was reduced to writing, and the substance of their investigation and findings. If said investigators obtained any signed, recorded, transcribed or oral statement from any individual, identify the person who gave the statement and the present custodian of such statement.

   **ANSWER:**

8. Identify each person interviewed concerning the incident. For each such person state the date of the interview; the substance of the interview and if the interview was recorded and/or transcribed.

   **ANSWER:**

9. Identify each and every written report made by any person concerning the incident.

   **ANSWER:**

10. Please state in your own words what you believe happened to the Plaintiff while she was on the subject location, and include in your answer the basis upon which you have formed that belief.

    **ANSWER:**

11. State whether or not the Premises were equipped with a video surveillance camera and, if so, whose responsibility it was on the date of the occurrence to monitor the surveillance camera and whether there are still tapes from the date of the occurrence and the week both before and after the occurrence.

    **ANSWER:**

12. Describe the lighting, both artificial and natural, of the area in question at the time the Plaintiff was injured.

    **ANSWER:**

13. If you know of the existence of any pictures, photographs, plats, visual recorded images, police reports, diagrams or objects relative to the occurrence, the Plaintiff's physical condition or the scene of the occurrence, identify the substance of such recording and the present custodian of each such item.

    **ANSWER:**

6

14. Do you know of any statement, conversation, comment, testimony or report made by any party to this lawsuit or witness, including the Plaintiff, made at the time of the occurrence or following the occurrence, concerning the occurrence or facts relevant to any issue in this case? If your answer is "yes," state the content of such statement, conversation, comment or report, the place where it took place and the custodian of such statement.

    **ANSWER:**

15. State the name and specialty of all experts whom you propose to call as witnesses at trial, and for each expert state the subject matter on which the expert is expected to testify, the substance of the findings and opinions to which the expert is expected to testify and attach to your Answers copies of all written reports of each such expert.

    **ANSWER:**

16. Do you believe that you did everything that you could to prevent Plaintiff's injuries? Set forth everything that you did to avoid the accident that occurred. Is there anything you wish you had done differently?

    **ANSWER:**

17. Please identify your correct legal entity and identify, stating the date on which such entity was formed, the State of incorporation, the name(s) and address(es) of all officers, directors, general partners, limited partners and all other parties with any interest in your organization.

    **ANSWER:**

18. Identify any previous or subsequent incidents of which you are aware that occurred in substantially the same manner as the incident complained of in this lawsuit, or which also occurred at the subject location, including a description of all premise liability claims made involving this subject location over the last 10 years.

    **ANSWER:**

19. Identify any procedures which you followed, at and before the time of the occurrence, concerning the inspection, repair, maintenance, cleaning and/or ice removal of the area where Plaintiff's injuries occurred.

    **ANSWER:**

20. Identify any warnings, whether verbal or written (such as by a sign or otherwise) which were given to the Plaintiff specifically, and/or to other invitees to the subject location, in general before the occurrence concerning the condition which caused or contributed to the occurrence.

    **ANSWER:**

21. Do you believe the Plaintiff knew or should have known the area in which Plaintiff fell was not safe to be walked on by the Plaintiff or anyone else? Set forth all facts upon which you intend to rely upon at trial to support your answer.

    **ANSWER:**

22. Identify when you were first notified of the fact that the area in which Plaintiff fell presented a hazardous condition to invitees on the Premises because of ice.

    **ANSWER:**

23. At the time of Plaintiff's injury, do you contend that any person or entity other than you managed or controlled the subject location which Plaintiff alleges she was injured? If so, state each and every fact on which you base the contention and identify each and every writing that supports that contention.

**ANSWER:**

24. At the time of Plaintiff's injury, do you contend that any person or entity other than you and/or your employees, agents and/or servants was responsible for the maintenance of the subject location on which Plaintiff alleges she was injured? If so, state each and every fact on which you base your contention and identify each and every writing that supports that contention.

**ANSWER:**

25. Do you believe that a reasonably prudent person traveling across the area in question should have been able to maintain his/her balance and avoided the fall?

**ANSWER:**

26. Please describe what training procedures, if any, are followed in the course of training Defendant's employees with regard to invitees on the subject location slipping and/or falling. This includes any and all written material, slides, photographs, films, videotapes, etc. which Defendant utilizes in training employees on how to avoid slip and fall injuries.

**ANSWER:**

Respectfully submitted,

James P. McNamara, BPR# 018127
**Morgan & Morgan – Nashville, PLLC**
810 Broadway, Suite 105
Nashville, TN 37203
(629) 221-6507
jmcnamara@forthepeople.com
*Attorneys for Plaintiff*

10

## FIRST REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Tennessee Rules of Civil Procedure, request is hereby made for the following documents and things:

1. Please produce any and all documents or tangible evidence which was referred to or utilized in any way to formulate responses to Plaintiff's First Set of Interrogatories.

   RESPONSE:

2. Please produce any and all documents or tangible evidence prepared by the Defendant (prior to the date of the filing of the Complaint in this case) which refer to or relate to the Plaintiff in any way.

   RESPONSE:

3. Please produce all notes made by or on behalf of the Defendant that relate or refer to the Plaintiff or Plaintiff's personal injury claim.

   RESPONSE:

4. Please produce any and all incident reports relating to the Plaintiff or relating in any way to the events set forth and more fully described in the Complaint filed in this action.

   RESPONSE:

5.     Please produce any and all reports, inspection reports, notes, memoranda or other documents concerning visits, inspections or investigations performed by the Defendant which relate or refer to the Plaintiff's personal injury.

RESPONSE:


6.     With respect to all witnesses whom you will or may call as an expert to give opinion testimony in the trial of this matter, please provide the following documents:

(a)     a written report of the witness's opinions, prepared and signed by the witness;

(b)     the data or other information considered by the witness in forming the opinions;

(c)     any exhibits to be used as a summary of, or support for, the opinions;

(d)     the curriculum vitae, resume, or other listing of the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten (10) years;

(e)     any and all documents setting forth the compensation to be paid for the expert's study and testimony; and

(f)     a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four (4) years.


[NOTE: PLAINTIFF WILL OBJECT TO THE USE AT TRIAL OF ANY EXPERT WITNESS FOR WHOM REQUESTED DOCUMENTATION IS NOT PROVIDED.]

RESPONSE:


7.     Please produce color copies of any photographs, videotapes, surveillance or security camera footage in your possession or control concerning or relating to any of the parties, facts,

allegations or locations involved in this litigation, including but not limited to surveillance tapes, videotapes, tape recordings and/or handwritten or typewritten statements.

RESPONSE:

8.    Please produce color copies of any photographs or videotapes which you intend to introduce as an exhibit at the trial of this action.

RESPONSE:


9.    Please produce any and all maps, diagrams, charts, or illustrations which you intend to rely upon in establishing your version of events or your defenses in this action.

RESPONSE:


10.    Please produce all internal memoranda, correspondence or other documents, which relate or refer to the Plaintiff or the Plaintiff's underlying personal injury claim.

RESPONSE:


11.    Please produce all internal and external memoranda, telephone call records, diaries, reports, files, records, correspondence and writing of any kind or description relating to either the Plaintiff or the Plaintiff's personal injury claim.

RESPONSE:


12.    Please produce copies of any and all correspondence you have written to any person or entity involving any aspect of this case.

RESPONSE:

13.     Please produce any incident reports or complaints concerning any other falls by any other person in the area where Plaintiff fell or any elevator malfunctioning's that have occurred in the ten (10) years preceding the filing of Plaintiff's Complaint.

RESPONSE:


14.     Please produce copies of any and all recorded statements (in writing or otherwise) related in any way to the subject matter of this action, including but not limited to (a) witness statements; (b) statements given to the police or any law enforcement agency; or (c) surveillance tapes, videotapes, tape recordings and/or handwritten or typewritten statements.

RESPONSE:


15.     Please produce any and all documents or tangible evidence that contains or refers to any statement made by the Plaintiff or which relates to the Plaintiff.

        RESPONSE:


16.     Please produce any and all documents or tangible evidence that contains or refers to any statements from any witness which relate to Plaintiff or the Plaintiff's personal injury claim.

        RESPONSE:


17.     Please produce any and all documents or tangible evidence that substantiates Defendant's affirmative defenses or otherwise relates to any allegation within Defendant's affirmative defenses.

RESPONSE:

18.     If you contend that any person, thing or entity -- including Plaintiff -- caused or contributed to the incident and/or Plaintiff's injuries, please produce any and all documents upon which you will rely to substantiate or support such contention.

RESPONSE:

19.     Please produce all documents or tangible evidence upon which the Defendant intends to rely to refute any of the Plaintiff's claims.

RESPONSE:

20.     Please produce all documents which establish proof of any of Defendant's claims.

RESPONSE:

21.     If you claim that Plaintiff was not injured or damaged as alleged in the Complaint, or not to the extent alleged in the Complain, please produce any and all documents which support such claim.

RESPONSE:

22.     If you contend that Plaintiff's claim for damages should be reduced or precluded by virtue of any act or failure to act on Plaintiff's part, please produce any and all documents which support such claim.

RESPONSE:

23.     Please provide all documents, electronically stored information, and/or tangible things upon which you will rely to substantiate or support any assertion of a failure to mitigate damages.
RESPONSE:

24.     Please provide all documents, electronically stored information, and/or tangible things upon which you will rely to substantiate or support any assertion of a failure to state a claim upon which relief can be granted.

RESPONSE:

25.     Please provide complete copies of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.
RESPONSE:

26.  Please provide complete copies of any contractual agreement for janitorial services between any third-party vendor entered into with this Defendant for the internal and external area of the building on the subject location on or before November 13, 2019.

RESPONSE:

## VERIFICATION

I, _____, after having been duly sworn, do hereby certify that my foregoing Answers and Responses to Plaintiff's First Set of Interrogatories and Request for Productions are true and correct based upon my personal knowledge.

_____

PRINT NAME

_____

SIGNATURE

_____

TITLE

STATE OF _____ )
                       )
COUNTY OF _____ )

Personally appeared before me, the undersigned Notary Public in aforesaid State and County, _____, with whom I am personally acquainted (or upon the basis of satisfactory evidence presented to me) and who, after being duly sworn, made oath that he/she executed the foregoing interrogatories for the purposes therein contained.

This ___ day of _____, 202____.

_____

Notary Public

My Commission expires: _____

18

Respectfully submitted,

_____
James P. McNamara, BPR#18127
Morgan & Morgan - Nashville, PLLC
810 Broadway, Suite 105
Nashville, Tennessee 37203
jmcnamara@forthepeople.com
615-514-4206

*Attorney for Plaintiff*